E-FILED
Wednesday, 29 July, 2020  02:45:48 PM
Clerk, U.S. District Court, ILCD

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

### for the

### Central District of Illinois

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated With Google User Accounts<br>Swambash@gmail.com and Brianrlewis78@gmail.com,<br>more particularly described on Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 20-MJ-7102 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Information Associated With Google User Accounts Swambash@gmail.com and Brianrlewis78@gmail.com, more particularly described on Attachment A, that is attached hereto and incorporated herein by specific reference, located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 & 2252A | Trafficking Child Pornography |

The application is based on these facts:

See Affidavit of Homeland Security Investigations Task Force Officer Ronald A. Borowczyk

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth      hed sheet.

s/ Ronald A. Borowczyk

_____
*Applicant's signature*

RONALD A. BOROWCZYK, HSI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ electronic mail and telephone _____ *(specify reliable electronic means).*

s/ Eric Long

Date: _____ 07/29/2020 _____      _____
*Judge's signature*

City and state: _____ Monti ello, IL _____      Eric I. Long, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Ronald A. Borowczyk, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of a search warrant for content and records associated with the following Google, Inc. account(s):

    a.    **Swambash@gmail.com**

    b.    Brianrlewis78@gmail.com

    (hereafter the SUBJECT ACCOUNTS).

2.      The SUBJECT ACCOUNTS are stored at premises owned, maintained, controlled, or operated by Google, Inc., an electronic service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043 and operates the publicly accessible website https://plus.google.com.

3.      The information and accounts to be searched are described in the following paragraphs and in Attachments A and B. This affidavit is made in support of an application for a search warrant to require Google, Inc., to disclose to the government records and other information in its possession pertaining to the subscribers or customers associated with the accounts referenced in this affidavit and further in Attachment A, including the contents of the communications.

4.      As a result of the investigation described more fully below, there is probable cause to believe that evidence, fruits, and instrumentalities of violations of

federal law, including 18 U.S.C. § 2252 and 2252A, are contained in the SUBJECT ACCOUNTS.

5.      I am a Task Force Officer (TFO) with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to the Resident Agent in Charge (RAC) in Springfield, Illinois since 2004. As part of my duties as an HSI/ICE TFO, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation at the Federal Law Enforcement Training Center, in Brunswick (Glyn County), Georgia in 2006, PCERT/ BCERT and at DHS/HSI ICE Cyber Crime Headquarters in Fairfax Va. (ACERT). I have also completed OJJDP Training on conducting investigations into the exploitation of children, and child pornography via the internet, I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media to include print and digital forms of media. I am also a Detective with the Decatur Illinois Police Department I have been employed as a Police Officer since September of 1992. I have been assigned to the juvenile investigations division since 2000, prior to that assignment I was assigned the Decatur Police Department's Street Crimes Investigations Unit, and the first assignment I had with the Decatur Police Department was on its third shift patrol. As a portion of my training to become a certified Police Officer in the state of Illinois, I attended the Lincoln Land

2

Police Training Center graduating in December of 1992. Prior to becoming a Police Officer, I earned the rank of sergeant in the Illinois Army National Guard, and in 1990 I was commissioned as a Second Lieutenant in the United States Army Reserve, receiving my honorable discharge from service in 1999. I earned my Bachelor of Science Degree from Southern Illinois University-Carbondale in 1991, majoring in Administration of Justice with a specialization in security management and secondary specialization in Army Military Science.

6.      As a task force officer, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, child exploitation and child pornography offenses enumerated in Title 18, United States Code, Sections 2251, 2252 and 2252A et seq. As an HSI task force officer, I am authorized to execute warrants issued under the authority of the United States.

7.      This affidavit is based upon information I have gained from my investigation, my training and experience, as well as information provided by other law enforcement agents involved in this and other computer crime investigations. Since this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. I have set forth only the facts that I believe are necessary to establish probable cause that to believe that evidence of the

offenses described below as described in Attachment B are stored electronically by

Google, associated with the SUBJECT ACCOUNTS described in Attachment A.

## DEFINITIONS

8.      The following definitions apply to this Affidavit and its Attachments:

a.  The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an
electronic, magnetic, optical, electrochemical, or other high speed data
processing device performing logical, arithmetic, or storage functions,
and includes any data storage facility or communications facility directly
related to or operating in conjunction with such device.

b.  The terms "records," "documents," and "materials," as used herein,
include all information recorded in any form, visual or aural, and by any
means, whether in handmade form (including, but not limited to,
writings, drawings, painting), photographic form (including, but not
limited to, microfilm, microfiche, prints, slides, negatives, videotapes,
motion pictures, photocopies), mechanical form (including, but not
limited to, phonograph records, printing, typing) or electrical, electronic
or magnetic form (including, but not limited to, tape recordings,
cassettes, compact discs, electronic or magnetic storage devices such as
floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs),
Personal Digital Assistants (PDAs), Multi Media Cards (MMCs),
memory sticks, optical disks, printer buffers, smart cards, memory
calculators, electronic dialers, Bernoulli drives, or electronic notebooks,
as well as digital data files and printouts or readouts from any magnetic,
electrical or electronic storage device).

c.  "Internet Service Providers" (ISPs), as used herein, are commercial
organizations that are in business to provide individuals and businesses
access to the Internet.  ISPs provide a range of functions for their
customers including access to the Internet, web hosting, email, remote
storage, and co-location of computers and other communications
equipment.

d.  "Internet Protocol address" (IP address), as used herein, is a code made
up of numbers separated by dots that identifies a particular computer on

the Internet.  Every computer requires an IP address to connect to the Internet.  IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet.  IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

e.   "Domain names" are common, easy to remember names associated with an IP address.  For example, a domain name of "www.usdoj.gov" refers to the IP address of 149.101.1.32.  Domain names are typically strings of alphanumeric characters, with each level delimited by a period.

f.   "Website" consists of textual pages of information and associated graphic images.  The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

## INFORMATION THAT MAY BE AVAILABLE FROM GOOGLE, INC.

9.   From my training and experience, I have learned that Google, Inc. is an online content website that was launched on the internet in 1998. Since their debut Google currently maintains a variety of online content products and services and they are ranked as one of the most frequently visited web sites in the United States. Additionally, Google maintains information about their customers including primary email addresses, secondary email addresses for account password recovery, applications, websites, and services that are allowed to access the user's Google account or use the user's Google account as a password login, and account login activity such as the geographic area the user logged into the account, what type of internet browser and device they were using, and the internet protocol (IP) address they logged in from.  The IP address is roughly analogous to a telephone number assigned to a computer by an

internet service provider. The IP can be resolved back to a physical address such as a residence or business with Wi-Fi access or residential cable internet. I believe this information will assist in the investigation by identifying previously unknown email accounts and location history information tending to show the movements of the suspect, his mobile device, and/or computers.

10.     I know that Google allows users to create a free Google account that will provide various types of services. When a Google user accesses the different types of services and activities data is created. By default, Google stores that data for each account user. A user may access their Google account and delete information or turn off various services, but that requires a proactive step by the user. Google accounts have an area that Google refers to as My Dashboard. My Dashboard is accessible by a user by going to https://myaccount.google.com/mydashboard, once the user is logged into his or her individual Google account. My Dashboard contains an index of data stored by the user accessing the products made available by Google. This information in includes: the name of the Google account holder, the google email address of the account holder, searches run using the Google search engine by the account holder, a record of the types of devices used to access the Google account, "Allo" Google assistance, Cloud Print, Google Books, Google Audio, Google Drive, Google conversations, Google Chrome, Google Chrome Sync, Google Photos, Google Groups,  Calendar, Contacts,  Keep, Location History, Maps (your places), My Maps, Google Voice, Google Wallet, Play Store, Profile, and YouTube.

11.     In addition to the above products, with advent of smart phones and tablet devices, Google has developed an operating system that works on any android device. Any user who wishes to add software applications to that device must use the Google online store (Google play store) to complete the purchase or free download. Google stores the make, model, and International Mobile Equipment Identifier number (IMEI) or Mobile Equipment Identifier (MEID) of any device attached to any Google products. Additionally, Google keeps the date and time that a particular application was downloaded to a device. Google also keeps track of the number of times a device accesses a particular application.

12.     As explained herein, information stored in connection with a Google account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling law enforcement to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with a Google account can indicate who has used or controlled the account.  User attribution is crucial to determine not only what the and when the criminal conduct occurred, but also what other functions, both of the Google account, and the device itself were being accessed and in use surrounding the times of criminal conduct. Further, information maintained by Google can show how, where, and when the account was accessed or used.  Based on my training and experience, I have learned that Google also maintains records that may reveal other Google accounts accessed from the same electronic device, such as the same computer or mobile device, including accounts that are linked by Hypertext

Transfer Protocol (HTTP) cookies, which are small pieces of data sent from a website and stored in a user's Internet browser.

13.     The following are some of the products offered by Google, and the location of potential data leading to evidence of criminal conduct or user attribution to be recovered:

a.  **Google Account**: Google maintains information about their customers including primary email addresses, secondary email addresses for account password recovery, applications, websites, and services that are allowed to access the user's Google account or use the user's Google account as a password login, and account login activity such as the geographic area the user logged into the account, what type of internet browser and device they were using, and the internet protocol (IP) address they logged in from.  The IP address is roughly analogous to a telephone number assigned to a computer by an internet service provider.  The IP can be resolved back to a physical address such as a residence or business with Wi-Fi access or residential cable internet.  I believe this information will assist in the investigation by identifying previously unknown email accounts and location history information tending to show the movements of the suspect, his mobile device, and/or computers.

b.  **Google Docs**: Google offers their users access to free, web-based alternatives to existing word processing, spreadsheet, and presentation software.  These documents are stored in the user's account and are accessible from any device or platform as long as the user knows the password.  These documents can include those created by the user, modified or edited by the user, or shared by the user and others.  I believe this information may contain notes, files, and spreadsheets containing information relevant to this investigation including recordation of sales, communications with unknown co-conspirators and/or witnesses, and other information concerning the ongoing investigation.

c.  **<u>Google Photos</u>**: Google users have the option to store, upload, and share digital images, graphic files, video files, and other media files.  These images may be downloaded from the internet, sent from other users, or uploaded from the user's mobile device.  In many cases, an Android user may configure their device to automatically upload pictures taken with a mobile device to their Google account.  I believe a review of these images would provide evidence depicting the suspect, their associates, and others performing incriminating acts.  Google uses image recognition software on the photos and will organize them by date, time, location or subject matter. On the main image page Google groups the photos by the subject matter. Google software creates models of the face in the user's photos in order to group similar faces together. A Google user may create photo library and label it, for example "mom" which would contain any images of the user's mother. The label is private to the user and is not seen by anyone with whom the user shares the photos. Photos and Videos of the user are backed up to the user's Google account. However, the user can change or select a different account to back up the photos. Users may also delete any photos that have been previously taken from the device, and store them only in the Google Cloud. Google will also allow users to store images and videos from third-party applications, for example Instagram, Facebook or messaging apps. Additionally, Google photo will hold onto any photos that have been deleted for a period of 60 days.  Google Takeout allows users to download all of his or her photos from the Google Cloud.

d.  **<u>Google Hangouts</u>**: Google created a unified communications service that allows members to initiate and participate in text, voice, or video chats, either one-on-one or in a group. Hangouts are built into Google+ and Gmail, and mobile versions are available for iOS and Android devices. Users of Google Voice have the ability to use Hangouts to make free domestic calls from any computing device.

e.  **<u>Google Calendar</u>**: Google offers a calendar feature that allows users to schedule events.  This calendar function is the default option in the Android operating system and remains so unless the user adds a third party application.  Calendar events may include dates, times, notes and descriptions, others invited to the event, and invitations to events from

others.   I believe this information will identify relevant dates and appointments germane to this investigation, as well as, identify previously unknown co-conspirators and/or witnesses.

f.   **Google Contacts**: When a user links their Android device to their Google account the names, addresses, phone numbers, email addresses, notes, and pictures associated with the account are transferred to the phone and vice versa.  This process is continuously updates so when a contact is added, deleted, or modified using either the Google account or the mobile device the other is simultaneously updated.  I believe this information is pertinent to the investigation as it will assist with identifying previously unknown co-conspirators and/or witnesses.

g.   **Google Search History**: Google retains a user's search history whether it is done from a mobile device or from a traditional computer.  This history includes the searched for terms, the date and time of the search, and the user selected results.  Furthermore, these searches are differentiated by the specific type of search a user performed into categories.  These categories include a general web search, and specialty searches where the results are focused in a particular group such as images, news, videos, and shopping.  I believe a review of the suspect's search history would reveal information relevant to the ongoing criminal investigation by revealing what information the suspect sought and when he sought it.

h.   **Google Chrome**: Google Chrome is the web browser that was created by Google. Google Chrome allows users to bookmark websites, control search history to all devices for a Google user. Google Chrome has settings that allow the Google user to control the privacy settings of the Google Chrome web browser. Google allows the individual Google user to customize the appearance of Google Chrome. I believe that a review of the history, bookmarks, web searches, privacy settings of the Google Chrome web browser will reveal information and evidence relevant to the ongoing criminal investigation.

i.   **Google Chrome Sync**: Google allows Google users of the Chrome Web browser to sync data across different devices. This service allows for the

bookmarks, history, passwords and other settings to be the same on each device. I believe that this information will help demonstrate the identity of the account holder as well as the user tendencies and settings to assist in providing relevant information to the ongoing criminal investigation.

j.  **Google Location History:** Google collects and retains location data from any Google enabled mobile device. This includes Android and iPhone devices. The company uses this information for location based advertising and location based search results.  Per Google, this information is derived from Global Position System (GPS) data, cell site/cell tower information, and Wi-Fi access points.  While the specific parameters of when this data is collected are not entirely clear, it appears that Google collects this data whenever one of their services is activated and/or whenever there is an event on the mobile device such as a phone call, text messages, internet access, or email access.  I believe this data will show the movements of the suspect's mobile device and assist investigators with establishing patterns of movement, identifying residences, work locations, and other areas that may contain further evidence relevant to the ongoing criminal investigation. Additionally, Google can determine the location of a particular device during a specific time frame based on the unique device id generated and stored by Google.

k.  **Google Wallet and Associated Credit Cards:** Google operates a financial services division that allows users to make online purchases through Google and other vendors, as well as, send and receive money from other users.  Applications that are purchased and installed on a mobile device are handled by Google's Wallet/Checkout service.  The purchase and installation of applications on a mobile device requires the use of the Google Wallet service.  Therefore, any applications installed on the suspect's mobile phone have a transaction record in Google Wallet.  Google stores information regarding the transactions including the date and time of the purchase.  Additionally, they have method of payment information such as associated credit card numbers used to facilitate the purchase.  Other data includes the billing address of any linked credit card and any addresses where purchased products were shipped to.  I believe identifying the method of payment information

would assist investigators with identifying any previously unknown financial institutions and that these financial institutions may have additional relevant information pertinent to this investigation.

l. **Google Play Store/App Purchases**: Google operates an online marketplace whereby Google and other third party vendors offer for sale applications such as games, productivity tools, and social media portals.  Many of these applications can be used to communicate outside the cellular service of a mobile device by accessing the internet via Wi-Fi. These various applications facilitate communication via voice using voice over internet protocol (VOIP) technology, short message system (SMS) text messages, multi-media message system (MMS) text messages, audio transmission of recorded messages, and recorded or live video messages.  As these services operate independently of the cellular service network there is no corresponding information regarding communications from the cellular provider.  Identifying communications applications purchased, downloaded, and/or installed on the mobile device would assist investigators by determining what application provider should be served with additional search warrants. Furthermore, identifying the user's applications would assist investigators with determining banking and other financial institution information and social media sites used.  Identifying the purchased or installed applications would assist locating those with potentially criminal implications such as applications that appear to the observer to be a calculator or other innocuous appearing program but in actuality are used to conceal pictures, videos, and other files.  These concealment applications are commonly missed during manual and forensic examinations of mobile devices as existing technologies are not designed to detect and locate them and the information they conceal.

### RELEVANT STATUTORY VIOLATIONS

14.    This investigation concerns alleged violations of Title 18, U.S.C. § 2251, 2252 and 2252A relating to material involving the sexual exploitation of minors:

12

a.   **Sexual Exploitation of a Child, Title 18, United States Code, Sections 2251(a):**  This investigation concerns alleged violations of 18 U.S.C. § 2251(a), which prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to known that such visual depiction will be transported or transmitted using any means or facility of interstate or  foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. It is also a crime to attempt to commit this offense.

b.   **Child Pornography Trafficking (18 U.S.C. § 2252):**  This investigation concerns also alleged violations of **18 U.S.C. § 2252**, which generally prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.  It is also a crime to attempt to commit this offense.

c.   **Child Pornography Trafficking (18 U.S.C. § 2252A):**  This investigation also concerns alleged violations of **18 U.S.C. § 2252A**, which generally prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or

foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.  It is also a crime to attempt to commit this offense.

## PROBABLE CAUSE

15.     In January and February of 2020, Google Inc. reported to the National Center for Missing and Exploited Children (NCMEC) an incident of Child Pornography uploaded to their servers.  Google Inc. indicated that it viewed the file(s) believed it to contain child exploitative material. NCMEC generated cyber-tips #63740464, 64040945, 64044813 and notified the Illinois Attorney General's Office, which handles Internet Crimes Against Children in the Central District of Illinois.

16.     In March of 2020 Decatur Police were notified by the Illinois Attorney General's Office that Google Inc. reported that the user associated with the above cyber-tips is Brian Lewis with the email address of Swambash@gmail.com and phone number of 1-217-827-9759. The reported Gmail account had within the Gmail infrastructure material considered contraband in nature, namely child pornography.

17.     Cyber-tip 63740464 was received by NCMEC on January 30th, 2020 from Google Inc. The tip states that a total of 8 files were sent to NCMEC and 2 of the 8 files had been viewed by Google Inc. Google Inc. stated that the files were located within the Gmail infrastructure and attributed to Sawmbash@gmail.com. I then viewed the two files and they can be described in the following manner. The files are image files with a .jpg file extension.

a. Google-CT-RPT-0ee5bf535d28d6143756c8fa1cd643df-1f5fcf55-5a69-4e8f-bd2c-1917638825b5.jpg is of a white female child between 5-8 years of age wearing clothing and the item of note in the image that the child is wearing a red pair of bottoms(shorts) that appear to snap at the crotch and the clothing is moved exposing a portion of the sex organ.

b. Google-CT-RPT-7448c955392c5c382a296e013fb4aebb-7ff75aaf-9c43-4301-bcc8-35e2ae43dd4c-1.jpg shows a white male child between 5-8 years of age nude holding a silver/chrome handgun, also present in the image is a nude white female 16-20 years of age. The nude male is behind the female in an act of either actual or simulated sexual penetration performing penile vaginal/anal penetration.

18.     Cyber-Tip 64040945 was received by NCMEC on February 5th, 2020. The tip states that a total of one file was sent to NCMEC and Google Inc. viewed the file and stated that it was located in the Gmail infrastructure and attributed the email address of Swambash@gmail.com.     I     personally     viewed     the     file,     Google-CT-RPT-be406c238d92111d34f79cceb22e71a0-d1108a7d-10ae-48a8-94c7-c15b6dc0e455-1.jpg.  It  is an image file that shows a white female child wearing a white colored hat and white stockings nude between 5-8 years of age. The child is laying on her stomach her legs are spread apart exposing her sex organ and anus. The focus of the image is showing the sex organ and anus.

19.     Cyber-Tip 6044813 was received by NCMEC on February 5th, 2020.  The tips states that a total of 1 file was sent to NCMEC. Google Inc advised that the file was viewed and that it was in the Gmail infrastructure and attributed to the email address Swambash@gmail.com.     I     personally     viewed     the     file     Google-CT-RPT-bb4c0918b20d24e8c32c948326682be1-2019-07-24 14.11.34.jpg. It is an image file that shows a white female child between 5-8 years of age nude laying on her stomach. The child is holding her legs spread apart and bent at the knee. The anus and sex organ on the child is visible and is the focus of the image.

20.     Google Inc. provided IP addresses for all three cyber-tips. To determine locations and possible account holders I contacted AUSA E. Pierson of the Central District of Illinois and requested that subpoenas be issued to both Google Inc. and the listed service provider of the IP addresses, AT&T U-Verse.

21.     An administrative subpoena to AT&T U-Verse requested the subscriber information for the following IP addresses based around files turned over. The IP addresses are:

    A.) **2600:1702:42e0:2bf0:812a:576e:d754:670c (Login) 12-26-2019 21:49:06 UTC**

    B.) **99.74.32.204 (Login) 12-27-2019 19:33:09 UTC**

    C.) **99.74.32.204 (Login) 01-29-2020 15:31:27 UTC**

    D.) **2600:1702:42e0:2bf0:4432:b96:45a:3dc2 (Login) 01-29-2020 16:32:11 UTC**

AT&T U-verse reported that the IP addresses checked to 760 East Grove Road Decatur Illinois. AT&T U-Verse provided further the following subscriber information:

16

CUSTOMER DETAIL

Name:            Destiny Lewis

Account Number:    157066932

Status:            A

Address 1:        760 E GROVE RD

              DECATUR IL 62521-0000

Address 2:        760   E GROVE RD DECATR IL 62521

              DECATR IL 62521

Email:            deslyn327@gmail.com

Phone:            (217) 855-8134

22.    An administrative subpoena to Google Inc. for a period of January 1st, 2019 through April 29th, 2020 for the subscriber information for the email address Swambash@gmail.com. Google Inc. returned the following information:

GOOGLE SUBSCRIBER INFORMATION

Name: Brian Lewis

e-Mail: Swambash@gmail.com

Status: Disabled

End of Service Date: 2020/01/29-17:16:31-UTC

Services: Android, Gmail, Google Calendar, Google Chrome Sync, Google Hangouts, Google Payments, Google Photos, Google+, Location History, YouTube

Recovery e-Mail: br_lewis@hotmail.com

Created on: 2013/06/12-18:03:09-UTC

Terms of Service IP: 63.142.73.148, on 2013/06/12-18:03:09-UTC

Language Code: en

SMS: +12178279759 [US]

Google Account ID: 271821507925

23.     A check of the Decatur Police Department's Records Management System shows that a BRIAN R. LEWIS resides at 760 East Grove Road Decatur Illinois. The RMS advised that LEWIS' listed phone number was 1-217-827-9759. Due to Pandemic concerns immediate contact was not made with LEWIS.

24.     Contact was made with DESTINY LEWIS and BRIAN R. LEWIS on July 22nd, 2020, at 760 East Grove Road Decatur Illinois. DESTINY is the spouse of LEWIS. Both subjects were told why police were present at the residence. LEWIS was asked about his mobile device.

25.     LEWIS advised that he has had the mobile device currently in his possession since October of 2019. LEWIS acknowledged that his cellular carrier is Cricket, and that his phone number is 1-217-827-9759. LEWIS advised further that he did have the email addresses of Swambash@gmail.com, and br_lewis@hotmail.com. LEWIS was asked to turn over his device, which he did, and LEWIS signed a consent to search when asked. This was witnessed by LEWIS' spouse DESTINY who also signed the form. LEWIS indicated that he had also set up a new gmail account on the device as he could no longer access the Swambash@gmail.com.

26.     TFO Todd Koester then performed a data extraction on LEWIS' mobile device and advised that contraband material namely child pornography was located on the device and that contraband was located in locations:

    a.  com.google.android.gm/files/downloads/96d1bf17dbb164777f6f83eaae37839e/attach
        ments. The **com.google.android.gm** is considered to be the Gmail and the

files/downloads/(alpha-numeric) is considered part of a repository that holds material that has been viewed or previewed from within the email program.

b. com.microsoft.office.outlook/cache/file-download. The com.microsoft.office.outlook is considered to be the email program that could be associated with the br_lewis@hotmail.com email address, /cache/file-download/ is a repository that again holds material that has been opened either for preview or viewing.

27. TFO Koester located the new email address that LEWIS had mentioned setting up on the device and it is brianrlewis78@gmail.com.

28. When interviewed further LEWIS admitted to viewing what he considered Child Pornography in the past. LEWIS advised that he did not know how the Child Pornography ended up in his email programs, and that he advised that he believed the Child Pornography was no longer on his device. LEWIS advised that there should have been no more than 10 images of child pornography present.

## CONCLUSION

29. I submit that this affidavit supports probable cause for a search warrant authorizing the search of the property described in Attachment A to seek the items described in Attachment B.

30. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on the computer systems in the control of Google for user accounts of Swambash@gmail.com and brianrlewis@gmail.com there exists evidence of violations of Title 18, U.S.C. § 2252, and 2252A, and that evidence of

those violations are located at the premises owned, maintained, controlled, or operated by Google, Inc., an electronic service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## JURISDICTION

31.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3) and 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(I).

32.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

s/ Ronald A. Borowczyk

Ronald A. Borowczyk
Detective/Task Force Officer
Department of Homeland Security

Subscribed and sworn to before me
On July 29, 2020:

s/ Eric Long

ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

20

**ATTACHMENT A**

**PROPERTY TO BE SEARCHED**

This warrant applies to information associated with Google account(s):

    a. **Swambash@gmail.com**,

    b. **Brianrlewis78@gmail.com,**

that is stored at premises owned, maintained, controlled, and/or operated by Google, Inc., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

**I.      Information to be disclosed by Google, Inc.:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc., Google, Inc. is required to disclose the following information to the government associated with Google accounts Swambash@gmail.com, and brianrlewis78@gmail.com.

a.      The contents of all emails and instant messages stored in the specified account, including copies of emails and instant messages sent to and from the account, draft emails, the source and destination addresses associated with each email or instant message, the date and time at which each email or instant message was sent, and the size and length of each email or instant message;

b.      All records or other information regarding the identification of the email or instant messaging account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files to also include any Gmail/Google drive contents;

d.      All records pertaining to communications between Google, Inc., and any person regarding the account, including contacts with support services and records of actions taken.

**II.      Information to be seized by the government:**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the statutes listed on the warrant involving the Google account(s), including information pertaining to the following matters:

a.      Records related to violations of Title 18 U.S.C. § 2252 and 2252A, child pornography trafficking;

b.      Records relating to who created, used, or communicated with the account(s); including records about their identities and whereabouts. Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

c.      Records relating to the identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).